•S. Samuel Di Falco, S.
This is a proceeding by the executors
pursuant to SOPA 1421 to determine the validity and effect of an election by the decedent’s surviving spouse.
The decedent executed a will on February 25, 1965 which has been admitted to probate in this court. The decedent was unmarried at the time of execution. He married respondent, his surviving spouse, on October 10,1967. Subsequent to this marriage decedent made certain inter vivos dispositions to the surviving spouse. The respondent is the joint and surviving owner of the jointly owned property having a value of $71,444.68.
The issue presented is whether the inter vivos dispositions to the widow are properly includible in the estate of the decedent for the purpose of computing the widow’s share and are the dispositions for the benefit of the widow to be offset against her share as computed: EPTL 5-1.1 (subd. [c], par. [1]) provides: ‘ Where, after August thirty-first, nineteen hundred and sixty-six, a testator executes a will disposing of his entire estate, and is survived by a spouse, a personal right of election is given to the surviving spouse ”. Clause (A) includes the testamentary dispositions enumerated in paragraph [1] of subdivision [b] in the computation of the elective share.
The cases have held that where a will is involved the surviving spouse has a right of election against testamentary substitutes pursuant to EPTL 5-1.1 (subd. [c]) provided: (1) the will was executed after August 31, 1966; (2) the transactions were effected during the marriage; and (3) the transactions were effected after August 31, 1966. All three conditions must be present. Unless present, the inter vivos transaction is an “ exempt ’’transaction and not a testamentary substitute. There is no right to elect against exempt transactions. (Matter of Kleinerman, 66 Misc 2d 563; Matter of Filfiley, 69 Misc 2d 372; Matter of Choresh, N. Y. L. J., Oct. 19,1971, p. 19, col. 1.) In the instant case two of the conditions have been satisfied but the will was executed prior to August 31,1966.
Respondent contends that EPTL 5-1.1 (subd. [c]) is not applicable since the decedent’s will was executed prior to August 31, 3966. Petitioners maintain that the requirement that the will must have been executed after August 31,1966 was not intended by the Legislature to be applicable where the decedent was unmarried at the time of the execution of the will and where his marriage took place, as here, after that date.
The petitioners contend that there is an analogy to be found in EPTL 5-1.3 providing for the revocatory effect of a marriage after the execution of a will. They acknowledge that that sec *1052 tion is limited in its application to wills executed prior to September 1, 1930 but argue .that a marriage after August 3Í, 1966 should similarly have the effect upon the previously executed will of an unmarried person so as to make applicable the provisions of EPTL 5-1.1 (subds. [b] and [c]). The argument is that the will should be considered as if it were executed at the time of the marriage, in this case, October 10, 1967. The executors further acknowledge that the reason the language of EPTL 5-1.1 (subd. [c]) is prospective is because of the legislative concern for the impairment of vested property rights but argue that the determination which they, seek herein will not violate any existing property rights nor render the statute unconstitutional.
Great stress is placed by the executors upon the legislative intent behind the enactment of the statute. Generally, in the construction of .statutes the legislative intent is to be sought and ascertained from the words and language used. New language cannot be implied into a statute to give it a meaning not otherwise found therein. The court is obliged to construe statutory language literally where it expresses the evident intent of the Legislature atid the court cannot disregard the plain words of a statute even in favor of what may be termed an equitable construction, in order to extend it to some supposed policy not included in the act (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 94). Since the statute under consideration gives the right of election to a surviving spouse it obviously requires that the spouse must have been married to decedent and also that the spouse is not disqualified under EPTL 5-1.2. The court is of the opinion, however, that there is no express or implied requirement in the statute, that the surviving spouse must have been married to decedent, at the time the will was executed. (See Matter of Choresh, N. Y. L. J., Oct. 19, 1971, p. 19, col. 1, supra.) Lx Choresh the decedent executed his will on July 16, 1960 leaving his entire estate to his first wife, who predeceased him. During the marriage of decedent and his second wife, the surviving spouse, and subsequent to August 31, 1966, the decedent effected certain transactions benefiting the surviving spouse. The inter vivos dispositions were Totten trusts and exceeded in value the elective share of the surviving spouse. The executor, as in the instant case, contended that these transactions effected after August 31, 1966 were testamentary substitutes and that they should have been deducted from the elective share. Surrogate McGrath held that since the will was executed prior to August 31, 1966 the testamentary substitutes were not to be included in the computations of the elective share *1053 but that the surviving spouse was entitled to take her share against the assets passing under the decedent’s will.
While it appears from the decision that the decedent was married to the first wife at the time of execution of the will prior to August 31, 1966 it is clear that he was not married to the surviving spouse at that time. Although the court therein did not discuss the issue the facts are analogous to this case in that the will was executed prior to August 31, 1966 at a time when the decedent was not married to the surviving spouse.
The statute and the intent of the Legislature are clear. If the will was executed on or before August 31, 1966 no inter vivos transaction before or after that date is a testamentary substitute (Matter of Kleinerman, 66 Misc 2d 563, supra). It is not the date of the marriage that matters but it is the date of the execution of the will. The court may not under the guise of interpretation read into the statute an exception which is not present therein. If the court were to agree with the interpretation urged by the executors it would in effect be rewriting the statute to provide that not only may a surviving spouse elect against testamentary statutes where the will was executed after August 31, 1966 but also that such right exists where the will was executed on or prior to that date by an unmarried testator. This the court may not do.
The executors’ argument that a determination including the inter vivos dispositions as testamentary substitutes in determining the right of election would not impair vested rights does not necessarily compel any conclusion as to legislative intent.
The suggestion was made to the Commission on the Law of Estates that irrespective of the date of execution of the will, the right to elect should be determined solely by the effective date of the inter vivos transaction. To this the commission replied: ‘1 While the enactment of such a statute would be much easier to draft * * * such enactment would seriously interfere with property settlements which have now been made in good faith and in many cases might be unconstitutional if rights which have now vested in recipients of testamentary provisions were divested by the statute.” (Fourth Report of Commission on Estates, N. Y. Legis. Doc., 1965, No. 19, p. 152). Surrogate Sobel, however, recently pointed out in Matter of Kleinerman (66 Misc 2d 563, 566-567, supra) that: “We may disregard the ‘ unconstitutional ’ comment. What the commission was saying is that it would insist on exempting all inter vivos transactions on or before August 31, 1966 and also all such transactions irrespective of date where the will was exe *1054 exited on or before August 31,1966. It implied ‘ What has been done is done \ We look only to future transactions made by testators under future wills. In time there will be no wills ana no transactions excuted prior to August 31, 1966 just as there are no longer many wills executed prior to September 1, 1930 (Decedent Estate Law, § 18, now EPTL 5-1.1).
“ The commission went far beyond constitutional or statutory limitations when it provided that a testator who executed a will on or before August 31, 1966 was free thereafter to effect inter vivos transactions long into the future while that will remained unrevoked. ’ ’
Lastly, the court is of the opinion that the executors ’ analogy to EPTL 5-1.3 is misplaced. The purpose behind that section was to make some provision for the protection of a surviving spouse where the will was executed prior to 1930 for the reason that as to such wills the surviving spouse has no right of election. No such purpose to protect the widow is present in this situation since here the widow has a right of election under 5-1.1 (subd. [a]). In any event even if such a policy of protection is desirable it may not be effected by the court since the court can only interpret and cannot legislate.
Accordingly, the court determines that respondent as surviving spouse is entitled under EPTL 5-1.1 (subd. [a]) to elect to take her share against the assets passing under the will of decedent and the computation of her elective share does not include the testamentary substitutes specified in the petition nor may they be set off against her share as computed.