Moses M. Weinstein, J.
This is a motion to dismiss “ the indictment herein or a pending indictment herein pursuant to *1019 Section 210.20 of the Criminal Procedure Law upon the ground that the defendant has been denied his right to a speedy trial as guaranteed by the Sixth Amendment of the United States Constitution and Section 30.20 of the Criminal Procedure Law.”
On May 28, 1972, the defendant was arrested and charged with assault in the first degree and was thereafter arraigned in the Criminal Court. Defendant posted $300 cash bail and was released. Apparently, due to the failure of the complaining witness to appear, the case was adjourned several times. However, the complaining witness finally appeared on August 3, 1972 and, after a hearing, defendant was held for the action of the Grand Jury. To this date the District Attorney has not presented the matter to the Grand Jury.
CPL 30.30 provides that a motion pursuant to CPL 210.20 (subd. 1, par. [g]) must be granted where the People are not ready for trial within six months of the commencement of a criminal action wherein defendant is accused of a felony.
Subdivision 1 of CPL 210.20, in turn, provides: “ After arraignment upon an indictment, the superior court may, upon motion of the defendant, dismiss such indictment or any count thereof upon the ground that: * * * (g) the defendant has been denied the right to a .speedy trial ”.
In opposition, the District Attorney contends that defendant’s motion is premature since the .statute permits such motion only where the defendant has already been indicted. It should be noted that under section 667 of the Code of Criminal Procedure, a motion to dismiss the prosecution would lie where no indictment was found at the next term of the court at which the defendant was held to answer. In the transposition, CPL 190.80 provides for an application by defendant for release on his own recognizance where 45 days have passed without the occurrence of any Grand Jury action.
The motion “to dismiss the prosecution” was not carried over nor is it included in the specific language of subdivision 1 of CPL 210.20. It can only be assumed that this was a legislative oversight or that it was contemplated that any failure to indict within a coextensive time for trial could he rectified by the court on a ease-by-case basis, using the due process clause to buttress the dismissal. (Cf. United States v. Marion, 404 U. S. 307; Klopfer v. North Carolina, 386 U. S. 213.) Any other interpretation would result in the prospect of having the defendant kept in limbo until the District Attorney decided to present the case to the Grand Jury.
*1020 Thus the court has the inherent power to dismiss the prosecution if no indictment is found within .six months from jthe date of arrest. Of course, this is subject to the same exception as contained in CPL 30.30 (.subd. 3, par. [b]).
It has come to the court’s attention that such exceptional circumstances do exist in the instant case and, under those circumstances, the court will place this matter on the calendar for March 1, 1973, at which time, if an indictment has not been found, the court will grant the motion and dismiss the prosecution.