THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LORRAINE ANN TALHAM, Appellant.

Third Department, April 26, 1973.

*Livingston L. Hatch* for appellant.

*Ara Asadourian, District Attorney (William J. Quinlan* of counsel), for respondent.

MAIN, J. This is an appeal from a judgment of the County Court of Clinton County, rendered February 7, 1972, convicting the defendant upon her plea of guilty to burglary in the third degree.

The defendant was arrested and arraigned before the Town Justice, waived her right to a hearing, and was ordered held for the action of the Grand Jury. Shortly thereafter the Grand Jury returned an eight-count indictment and the court accepted her plea of guilty to the first count thereof in complete satisfaction of all counts of the indictment and the defendant was appropriately sentenced in accordance with article 75 of the Penal Law.

Concededly, the Town Justice did not transmit the order, felony complaint, supporting depositions or other pertinent documents referred to in CPL 180.30 to the County Court or the Supreme Court. Defendant now contends, in effect, that this failure to transmit deprived the Grand Jury of jurisdiction to inquire into the defendant's alleged criminal activity and to return an indictment upon sufficient evidence. We disagree.

The Grand Jury derives its power from the Constitution and acts of the Legislature, and this power may not be interfered with or infringed upon or in any way curtailed, absent a clear constitutional or legislative expression. (*People v. Ryback,* 3 N Y 2d 467; *People v. Stern,* 3 N Y 2d 658.)

The defendant places great emphasis and reliance upon the language of subdivision 1 of CPL 180.30, where it reads: "the court must promptly transmit to such superior court the order, the felony complaint, the supporting depositions and all other pertinent documents. Until such papers are received by the superior court, the action is deemed to be still pending in the local criminal court".

While considered alone, this language might provoke uncertainty, a reading of CPL 190.55 quickly dispels any thought that the Legislature intended to so severely curtail the ancient power of the Grand Jury. The scope of the Grand Jury's powers is set forth in part in subdivision 1 of that section which states: "A grand jury may hear and examine evidence concerning the alleged commission of any offense prosecutable in the courts of the county".

Paragraph (a) of subdivision 2 states: "A District Attorney must submit to a grand jury evidence concerning a felony allegedly committed by a defendant who, on the basis of a felony

complaint filed with a local criminal court of the county, has been held for the action of a grand jury of such county."

Also, it is significant that, under CPL 190.50 (subd. 5, par. [a]), the Grand Jury can proceed to indict before the local criminal court completes its activities if the defendant is given notice of the pending or prospective proceeding. Certainly the Grand Jury's jurisdiction is not dependent upon the receipt of a felony complaint and other pertinent papers.

Further clarifying what doubt there might be as to the language of CPL 180.30 and, particularly, the last sentence of subdivision 1 and the word " pending ", is the Practice Commentary to CPL, article 180 wherein it is written (Practice Commentary by Richard G. Denzer, McKinney's Cons. Laws of N. Y., Book 11A, art. 180, p. 58): " A felony complaint commences a felony action in a local criminal court and, as set forth in this Article, is disposed of by that court   *   *   *   (1) by a holding of the defendant for the action of the grand jury ".

This defendant was held for the Grand Jury, and the proceeding in the local criminal court was therefore disposed of.

We propose that the language of CPL 180.30 relied upon by the defendant is not concerned with jurisdiction but, rather, merely establishes a means of communication between the local criminal court and the superior court. Lack of compliance affords the defendant and those similarly situated no help and in no way restricts the powers of the Grand Jury.

We have examined the other contentions of the defendant and find them to be without merit.

The judgment should be affirmed.

HERLIHY, P. J., GREENBLOTT, COOKE and KANE, JJ., concur.

Judgment affirmed.