■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD CHARLES HAMLIN, Appellant.—Appeal from a judgment of the County Court of Cortland County, rendered November 26, 1975, upon a verdict convicting defendant of two counts of possession of a forged instrument in the second degree. Defendant was indicted for two counts of possession of a forged instrument in the second degree and two counts of petit larceny. After a trial the jury returned a verdict of guilty on all counts. Defendant was sentenced as a second felony offender to an indeterminate term of two to four years on the two felony counts, sentences to run concurrently, and the two misdemeanor counts were dismissed as lesser included offenses. This appeal ensued and defendant raises four issues urging reversal. He contends (1) that he was denied a speedy trial in violation of the Sixth Amendment and CPL 30.30; (2) that guilt was not proven beyond a reasonable doubt; (3) that the trial court erred in that portion of its charge wherein it defined criminal possession of a forged instrument; and (4) that he was denied effective assistance of counsel on his predicate felony conviction. An examination of the record clearly demonstrates that all of the issues raised by defendant lack merit and the judgment should be affirmed. The record reveals that defendant was tried six months after he was indicted. The unavailability of a material witness was just cause for adjourning the case until the next Trial Term. Furthermore, defendant was out on bail and established no prejudice (People v Taranovich, 37 NY2d 442). As to the sufficiency of the proof, defendant admitted that he had made, written, indorsed and cashed the two checks drawn on the account of Mrs. Albro. His testimony was that there was an intimate relationship between Mrs. Albro and him and that she gave him the checks and authorized him to sign her name. Mrs. Albro, on the other hand, testified that her relationship with defendant was casual; that he stole the checks from her and had no authorization to sign her name. This testimony presented questions of fact and credibility which were determined adverse to defendant. There is ample proof in the record to justify the jury's verdict of guilty. As for the next issue, we note that defendant did not object or except to that part of the charge pertaining to criminal possession of a forged instrument. That issue, therefore, was not preserved for our review (People v Baker, 23 NY2d 307, 325). Finally, the record reveals that the court held a hearing on the issue of inadequate representation of counsel on defendant's previous felony conviction. An examination of those minutes justifies, in our view, the court's determination that defendant had been constitutionally convicted of a predicate felony. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.