Walter T. Gorman, J.
The defendant moves to dismiss the charges pending against him before the Grand Jury based upon the alleged failure of that body to return a timely indictment.
On January 17, 1976 the defendant was arrested and charged in a felony complaint with criminal possession of a controlled substance in the fifth and seventh degrees and criminal possession of a weapon in the third degree. The matter was waived to the Grand Jury, following his arraignment in criminal court later that day.
The case appeared approximately once a month thereafter on the Supreme Court calendar. On each occasion the District Attorney’s office announced that no action had been taken by a Grand Jury, although more than seven months have elapsed since the defendant’s arrest.
For the reasons set forth below, this court concludes that it lacks the authority to dismiss a matter pending before a Grand Jury.
The GPL outlines the powers and duties of the court, Grand Jury and District Attorney during the various stages of a criminal proceeding. Once a matter reaches the Grand Jury, only it may dismiss the charges (CPL 190.60, subd 3; 190.75, subd 1). The District Attorney must submit evidence to that body concerning a felony complaint held for the action of a Grand Jury by the local criminal court (CPL 190.55, subd 2, *15 par [a]). Upon a proper showing the District Attorney may obtain a court order transferring the matter back to the criminal court (CPL 180.40). Otherwise, the sole power to dispose of the matter rests with the Grand Jury. Under the former Code of Criminal Procedure, the court could "order the prosecution to be dismissed” for the failure to return an indictment at the next term of the court (Code Crim Pro, § 667). Now, if the District Attorney or Grand Jury are slow to proceed, the court can release the defendant on his own recognizance, but cannot dismiss (CPL 190.80; but, see, People v Farley, 72 Misc 2d 1018).
Those statutory provisions dealing with dismissal of criminal actions confine themselves to cases still in criminal court or already past the indictment stage. Thus, the criminal court’s power to dismiss commences after arraignment (CPL 170.30, subd 1) and continues until it is divested of jurisdiction. Here, the receipt by the superior court of the lower court papers, following defendant’s waiver of a hearing on the felony complaint, terminated that court’s power to act (CPL 180.30, subd 1). On the other hand, the superior court cannot dismiss a matter until the defendant has been arraigned on an indictment (CPL 210.20). In the case at bar, that stage has not been reached.
The speedy trial legislation also does not cover the present situation. The court’s power to release a defendant, where the People are not ready for trial, turns upon the date of the commencement of a defendant’s commitment to the custody of the Sheriff, rather than the status of a criminal action (CPL 30.30, subd 2). However, a court may dismiss a criminal action only if it is actually pending before it (CPL 30.30, subd 1).
This legislative limitation benefits all parties. It shields the Grand Jury and District Attorney from judicial interference and the invasion of their functions (see People v Lohman, 49 AD2d 75). It protects the defendant from the false security that the court’s dismissal will prevent the Grand Jury from indicting him anyway (see People ex rel. Hirschberg v Close, 1 NY2d 258, 261).
Nevertheless, the inability of the court to dismiss a pending Grand Jury matter for the failure to return a timely indictment should not subject the defendant to a life of anxiety because criminal charges are hanging over his head. Therefore, the court orders the District Attorney to comply with the statutory mandate of CPL 190.55 (subd 2, par [a]) within 30 *16 days of the entry of the order herein, or, in the alternative, to apply to this court to return the matter to the criminal court pursuant to CPL 180.40, or to show cause why a further delay should be granted.