*892 OPINION OF THE COURT
Albert H. Buschmann, J.
Defendant, who is a 15-year-old juvenile offender, has been indicted for robbery in the first degree under the Juvenile Offender Law (L 1978, ch 481) and moves for an order granting the following relief in this omnibus motion:
1. Order dismissing each and every count of the indictment as they are defective within the meaning of CPL 210.25 (subds 1, 2) and 200.50 (subd 7), in that they do not assert facts with sufficient fullness and clarity to enable the defendant to adequately prepare for trial, i
2. For the transcription and inspection of the Grand Jury minutes upon which the indictment against the defendant was predicated and dismissal of said information pursuant to CPL 210.20, 210.30, 210.40, 210.45 and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution; or, in the alternative, for a hearing on same pursuant to CPL 210.45 (subd 6).
3. For a bill of particulars.
4. For discovery and inspection.
5. For an order suppressing identification of the defendant.
6. For the right to further move this court on the basis gathered as a result of two items requested herein.
The first branch of defendant’s motion which seeks an order of dismissal in that the indictments are defective within the meaning of CPL 210.25 (subds 1, 2) and 200.50 (subd 7) in that they do not assert facts with sufficient fullness and clarity to enable the defendant to accurately prepare for trial is denied.
The court finds that the indictment herein clearly apprises the defendant of the conduct which is the subject of the accusation and the indictment does substantially conform to the requirements of CPL 200.10 et seq.
The second branch of defendant’s motion for transcription and inspection of the Grand Jury minutes and dismissal pursuant to CPL 210.20, 210.30, 210.40, 210.45, and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution or, in the alternative, for a hearing pursuant to CPL 210.45 are disposed of as follows: the Grand Jury minutes having been transcribed and the court having examined the minutes finds the evidence before it legally sufficient to support the charges contained in the indictment and, therefore, that portion of the motion to dismiss the indictment is denied.
*893 The alternative relief requested by the defendant is also denied.
Defendant has also submitted a supplemental affirmation in which she states that she had made a written request to the District Attorney’s office to instruct the Grand Jury on its power to remove the case to the Family Court. She moves the court to inspect the Grand Jury minutes to ascertain whether the District Attorney provided the necessary instructions to the Grand Jury concerning removal of the case to the Family Court.
It is the defendant’s contention that the Assistant District Attorney must instruct the Grand Jury that it has the option to remove the case to Family Court pursuant to CPL 190.71 (subd [b]). She also attaches a decision of the Honorable Gerald S. Held in the matter of People v Rios dated July 26, 1979, Kings County Indictment No. 1495/79, in which he dismissed an indictment with leave for the District Attorney to resubmit the matter before the Grand Jury with instructions as to the options available to the Grand Jury so that the resultant action by the Grand Jury is on an informed basis.
The Grand Jury derives its power from the Constitution and acts of the Legislature, and this power may not be interfered with or infringed upon or in any way curtailed, absent a clear constitutional or legislative expression. (People v Talham, 41 AD2d 354; People v Stern, 3 NY2d 658.)
CPL 190.71 (subd [b]) reads as follows: "A grand jury may vote to file a request to remove a charge to the family court if it finds that a person thirteen, fourteen or fifteen years of age did an act which, if done by a person over the age of sixteen, would constitute a crime provided (1) such act is one for which it may not indict; (2) it does not indict such person for a crime; and (3) the evidence before it is legally sufficient to establish that such person did such act and competent and admissible evidence before it provides reasonable cause to believe that such person did such act.”
This court does not interpret this section as giving the Grand Jury an option. The section reads the Grand Jury may vote to file a request to remove to the Family Court provided (emphasis added) the three enumerated conditions are met. Generally, in the construction of statutes the Legislature’s intent is to be sought and ascertained from the words and language used or from the language used in the act read in *894 connection with the ends of interpretation and surrounding circumstances (Matter of Grossman, 71 Misc 2d 1050).
Ordinarily, the courts are not at liberty to hold that the Legislature had an intention other than the language imports. (Matter of Sife v Board of Educ., 65 Misc 2d 383, affd 39 AD2d 841.) In the construction of statutes, each word in the statute must be given its appropriate meaning, and sense must be brought out of the words used. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 231.)
In this instance, the word "provided” as placed in CPL 190.71 (subd [b]) puts a restraint on the ability of the Grand Jury to transfer a case to Family Court, allowing it only if the specific conditions of the proviso are met. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 212.)
The Court of Appeals in Matter of Vega v Bell (47 NY2d 543, 551) stated: "All youngsters over a certain age who are accused of certain criminal activities are now automatically prosecuted within the adult criminal justice system unless there exist certain special circumstances warranting more lenient treatment and transfer to the Family Court.”
The court went on to state: "As it is, however * * * we view the statutory scheme as providing the power to remove an accused juvenile offender to Family Court in the interests of justice and over the objections of the prosecutor to superior criminal courts following Grand Jury indictment, as well as to local criminal courts at arraignment.” (Matter of Vega v Bell, supra, p 552.)
The court went on to interpret the juvenile offender statute by stating "We note that the Legislature has already decided that , in most cases juveniles accused of certain serious crimes are to be prosecuted within the criminal justice system. It is not for the courts to question the wisdom of this legislative decision, nor to seek to undermine its operation by removal to Family Court in the 'typical’ case, if indeed any case involving juveniles can ever be deemed typical.” (Matter of Vega v Bell, supra, p 553.)
The court then went on to state: "that the failure to provide petitioner with a removal hearing at the local criminal court did not deprive the Grand Jury of the power to indict him.” (Matter of Vega v Bell, supra, p 553.)
The Legislature in this instance has specifically stated that the commission of certain violent crimes by juveniles 14 and *895 15 years of age are criminal ab initio (Penal Law, § 10.00, subd 18; § 30.00; People v Rodriguez, 97 Misc 2d 379).
In view of the above, the court finds that the Grand Jury herein was properly instructed that robbery in the first degree is one of the indictable offenses and, therefore, the Grand Jury did not have the option to file a request to remove the charge to the Family Court. In closing, the court would also like to point out that the grand jurors when charged by the Judge are instructed as to CPL 190.71 and receive a copy of the section in their manual for grand jurors which is given to each grand juror in the beginning of his sitting in such capacity.
The Grand Jury was adequately informed of its duties both by oral instructions from the impaneling Judge and by these printed copies of CPL 190.71. (People v Valenti, 91 Misc 2d 669.)
[Portions of opinion omitted for purposes of publication.]