OPINION OF THE COURT
William A. Zeck, J.
Defendant, by motion dated March 14, 1980, moves for various forms of relief including a dismissal of the accusatory instruments pending against him and for an order discharging the defendant and exonerating any bail posted by him or on his behalf.
The People oppose the motion on the grounds that the court does not have jurisdiction over the matter.
On or about August 13, 1979, the defendant was held for the action of the Grand Jury after a preliminary hearing held in the Town of Orangetown Justice Court before the Honorable George Bergerman, with respect to a robbery which was allegedly committed on or about November 9, 1978.
At the conclusion of the hearing, bail was fixed in the sum of $1,000 and the defendant was committed to the custody of the Sheriff, in lieu thereof. On or about September 18, 1979, the defendant was released in his own recognizance by the *749 Honorable Harry Edelstein as the defendant had not been indicted within the 45 days set forth in CPL 190.80.
To date the People have not presented this matter to any Grand Jury and the People do not contest defendant’s affirmation that no such presentation is contemplated.
While the court agrees that a literal reading of CPL 170.30, 170.40, 210.20, 210.25 and 30.30, which are cited by the defendant in support of his motion, does not, in and of itself, specifically confer jurisdiction upon this court, there are various compelling factors which dictate the granting of the relief sought.
More than six months have expired since the date of the preliminary hearing in this matter and, should the District Attorney have secured an indictment, it would have clearly been dismissible pursuant to CPL 30.30 and 210.20 (subd 1, par [g]).
Every defendant has a very real interest in securing a final disposition of the case or cases pending against him. Relatively newly enacted legislation found within CPL article 160 is indicative of certain rights that are available to a defendant once he can prove, by court order, that a pending matter against him has been dismissed. He is entitled, for instance, to apply for the return of his fingerprints and photographs. Such an application is impossible without a definitive conclusion to the case.
This court finds that fundamental fairness and justice as well as due process under both the New York State and United States Constitutions mandate that a procedural remedy be available to individuals enmeshed in the criminal justice system.
The court notes that the People may apply to this court for an order reducing charges which have been held for the Grand Jury after a preliminary hearing in a local criminal court (CPL 180.40).
It is patently absurd to believe that the Legislature intended this court to have jurisdiction upon an application by the People, but not upon an application by a defendant, with respect to the identical subject matter.
For the reasons stated herein, it is the decision of this court that any and all charges held for the Grand Jury by the Town of Orangetown Court, after a preliminary hearing held on or about August 13, 1979, be and hereby are dismissed.