OPINION OF THE COURT
Eugene M. Hanofee, J.
This motion was brought on by order to show cause signed January 23, 1980 by the Honorable Robert C. Williams, requesting an order dismissing)the charges against the defendant herein, pursuant to CPL 30.30 (subd 1, par [a]) on the grounds that defendant has been denied his right to a speedy trial in that the People were not ready for trial within six months of the commencement bf the criminal action as mandated by said section. The mattjer was originally made return *447 able at the February 8, 1980, Sullivan County Supreme Court, Special Term. It was thereafter referred to this court by order of the Honorable Roger J. Miner dated February 13, 1980.
A hearing took place on April 4, 1980 to make a determination based upon the facts as they transpired and the applicable law as to whether the defendant has been denied his right to a speedy trial. The defendant, James Asselta, was charged by way of a felony complaint with having committed the offense of assault in the second degree, a felony in violation of section 120.05 of the Penal Law. The defendant was arrested on the same night that the offense allegedly took place and was arraigned before Justice Mark Schulman, Justice of the Village of Monticello. The defendant, his attorney, Richard A. Newberg, Esq., and Assistant District Attorney John M. Hayes appeared before Justice Mark Schulman on November 28, 1978 when an application for a preliminary hearing was made by Mr. Newberg which was granted. The preliminary hearing took place on January 10, 1979, the defendant was subsequently held for action of the Sullivan County Grand Jury. The minutes of the January 10, 1979 preliminary hearing indicate that the defendant’s attorney was served with a notice pursuant to CPL 190.50 (subd 5, par [a]), which was amended to indicate that the Grand Jury would hear the matter on January 30, 1979.
It appears from the testimony introduced at the hearing before this court that there was either a misunderstanding or a "communication gap” between the Assistant District Attorney John M. Hayes who was handling the case at that time and subsequent thereto until he left the District Attorney’s office on July 31, 1979 and the defendant’s attorney, Richard A. Newberg. The District Attorney maintains that the respective attorneys agreed that while civil negotiations were under way between the defendant’s attorney and complainant’s attorney, any time that expired would not apply as to the mandates of CPL 30.30. The District Attorney further maintained that there was a similar understanding in regard to CPL 30.30 while the defendant was seeking a second opinion concerning the possibility of entering a plea to a lesser charge. The defendant’s attorney contends unequivocally that at no time did he agree to the staying of the applicable time limits of CPL 30.30. In any event it is apparent from the testimony that the District Attorney was advised in the late spring of 1979, being either the month of April, May or June, that a *448 civil compromise was unobtainable, that the defendant would not enter a plea to the reduced charge as offered by the District Attorney, and that the case would have to be tried.
The defendant to date has not been indicted even though he was held for the Grand Jury over one year ago. The order to show cause was brought on j by defendant’s attorney after being served with a CPL 190.50 notice dated January 18, 1980 advising that the Grand Jury would be hearing the matter on January 29, 1980. From the facts submitted it is apparent that a period of 14 months elapsed from when the defendant was arrested and charged with assault in the second degree in violation of section 120.05 of 'the Penal Law, a felony, until the order to show cause was signed on January 23, 1980 which instituted this proceeding. The defendant contends that the 14-month delay has resulted in a violation of his constitutional and statutory rights. The District Attorney argues that the delay is justifiable and does not constitute a period of six months as mandated by CPL 30.30 in that the majority of time that elapsed would fit in the exclusion as set forth in CPL 30.30 (subd 4). The court finds that the period from June or the late spring of 1979 through January 23, 1980 is not an excludable period in computing! the applicable CPL 30.30 time. The Legislature, in enacting CPL 30.20 decreed that a defendant after a criminal action is commenced against him, is entitled to a speedy trial. When the Legislature enacted CPL 30.30 they neglected to provide for the situation at bar in that a CPL 170.30 (subd 1, par [e]) ihotion cannot be brought on in this instance since the defendant has been held for the Grand Jury and the local criminal court is relieved of jurisdiction and a CPL 210.20 (subd 1, par [g]) motion is inappropriate in that the defendant has not been indicted. It is apparent that the Legislature intended the time limits enumerated in CPL 30.30 to apply to the situation at bar, especially when taking into consideration the general speedy trial section (CPL 30.20; People v Farley, 72 Misc 2d 1018).
A criminal action commences with the filing of an accusatory instrument (CPL 1.20, subjd 16; 100.05) which took place on November 26, 1978. In this case a 14-month period had elapsed before an order to show cause was brought on seeking the dismissal of the charge against the defendant based upon the District Attorney’s failure to bring the defendant to trial within six months as provided without getting into the period for in CPL 30.30. The court, of controversy which revolved *449 around the defendant’s alleged waivers, has determined that an unexcused seven-month period has elapsed.
The District Attorney further argues that even if the court should determine that the mandates of CPL 30.30 have not been complied with, that it is without jurisdiction to dismiss the charges.
The court finds that it has jurisdiction to entertain the motion before it. This is based upon the rationale that is set forth above that it was a Legislature oversight in not providing for the situation that is before the court in either CPL 30.30 or in broadening the language of CPL 210.20 to include felony complaints or any other means of filing a felony charge as set forth in CPL 100.05. "Any other interpretation would result in the prospect of having the defendant kept in limbo until the District Attorney decided to present the case to the Grand Jury”. (People v Farley, supra, p 1019.)
Accordingly, the court has the jurisdiction to entertain a speedy trial motion even if there is no indictment. The court finds that no exceptional circumstances exist nor is there any exclusion as contained in CPL 30.30 (subd 4) as to the seven-month period set forth above. Accordingly, the felony complaint charging the defendant, James Asselta, with assault in the second degree in violation of section 120.05 of the Penal Law is dismissed.