OPINION OF THE COURT
John J. Fromer, J.
Defendants were arrested on July 26,1981, charged with violating section 155.30 of the Penal Law (grand larceny, third degree), and arraigned before Honorable Howard Miller of the Town Court of the Town of Cairo. The charges were lodged in the Town Court for the Town of Greenville. Defendants were committed to the Greene County Jail pending posting of $1,000 bail for each defendant, whereupon each was released. Defendants each obtained or were assigned counsel, who first contacted the Town Court on July 31, 1981 and October 5, 1981, respectively. Counsel for defendant Irwin waived a preliminary hearing after conferring with the District Attorney’s office. No preliminary hearing appears to have been held for defendant Burdick either, and although he was noticed to appear as a witness before the Grand Jury on December 4, *998 1981, upon appearing he was sent home without testifying. More than six months having elapsed since the arrests, with no indictments having been returned against the defendants, defense counsel on February 9,1982 moved for an order of dismissal based on a denial of defendants’ right to a speedy trial under CPL 30.30. The People oppose the same, on the ground that a substantial portion of the deláy allegedly due to the unanticipated unavailability of a prosecution witness, is excludable from the time chargeable to the People, pursuant to CPL 30.30 (subd 4, par [g], cl [i]).
A threshold question, addressed by the court upon its own motion, is whether the court has jurisdiction to determine the present motion to dismiss the proceedings against the as yet unindicted defendants, while the matter is still technically pending before the local criminal court, and the local criminal court has as yet not forwarded the felony complaint and other pertinent documents pursuant to CPL 180.30 (subd 1). That section provides that, where a defendant waives a hearing upon the felony complaint, and the local court decides to hold the defendant for the action of the Grand Jury of a superior court, the local court must “promptly” transmit all relevant documents to the superior court, and that until they are received the action is “deemed to be still pending in the local criminal court”. (CPL 180.30, subd 1.) As of the date of this order no such documents have been received or filed with the clerk of this court. The question is thus whether the language of CPL 180.30 (subd 1) precludes this court from exercising jurisdiction to determine defendants’ motions based on CPL 30.30 until such time as the proper papers are received from the local criminal court. The court concludes that it is not so precluded and that the motions should be heard and determined on the merits.
The Third Department has once dealt with the construction to be given to this language, stating (People v Talham, 41 AD2d 354, 356): “We propose that the language of CPL 180.30 relied upon by the defendant is not concerned with jurisdiction but, rather, merely establishes a means of communication between the local criminal court and the superior court. Lack of compliance affords the defendant *999 and those similarly situated no help and in no way restricts the powers of the Grand Jury.” (Emphasis added.) That case dealt with the converse situation, in which a convicted defendant sought to attack the validity of the Grand Jury’s indictment on the ground that the conceded failure of a Town Justice to transmit the proper papers to the superior court must result, by virtue of CPL 180.30 (subd 1), in a lack of jurisdiction of the Grand Jury to return an indictment in the action. The basis for the Appellate Division’s disagreement with this argument was, both the constitutional and legislative nature of the Grand Jury’s authority, and the appellate court’s view that a decision of the local court to “hold” a defendant for action of the Grand Jury “disposes” of the “pending” nature of the action in that court (CPL 180.30, subd 1, not withstanding). {People v Talham, supra, p 356.)
While we deal here with the jurisdiction of the court itself and not of the Grand Jury, it must be remembered that the Grand Jury is but a part of the superior court that impanels it (CPL 190.05), and consequently a statute which fails to limit the jurisdiction of the Grand Jury must likewise fail to limit the power of the court as a whole. Accordingly, People v Talham (supra) supports the proposition that compliance with CPL 180.30 (subd 1) is not a jurisdictional prerequisite to the court’s entertaining the present motions to dismiss based on CPL 30.30. Furthermore, to deny the motions as prematurely made, thereby forcing defendants to either make their motion in the local criminal court, or to await that court’s compliance with CPL 180.30 (subd 1) prior to renewing their motions in this court, would work an injustice to defendants. It could only add further delay to the disposition of the proceedings, where alleged undue delay already forms the basis for the merits of defendants’ motions.
Turning then to the merits of defendants’ motions, for dismissal on the ground that they have been denied a speedy trial pursuant to CPL 30.30, two bases appear in the papers for granting the motion. First, the People have no explanation for their failure to make the presentation to the September 1981 Grand Jury which sat in Greene County and, secondly, the People cannot rely upon the *1000 exclusion of the delay for good cause, as was the case in People v Hamlin (53 AD2d 1001). The fact is that no good cause for the delay was shown because alternative proof, namely, a deposition of the victim listing the stolen property, could have been presented without the missing witness. (CPL 190.30, subd 3, par [c].)
The People have failed to have the case ready for trial within the period prescribed by CPL 30.30 and the motion to dismiss must be granted as to both defendants.