THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL P., Respondent.

Second Department, June 6, 1983

**APPEARANCES OF COUNSEL**

*John J. Santucci, District Attorney (Thelma Lee* and *Richard G. Denzer* of counsel; *Brian Krisberg* on the brief), for appellant.

*William E. Hellerstein (Elaine Unkeless* of counsel), for respondent.

OPINION OF THE COURT

BROWN, J.

On this appeal we are asked to consider whether the Criminal Term of the Supreme Court, Queens County, was correct in concluding that the People had failed to satisfy their obligation to provide the defendant with a speedy trial and whether, under the circumstances of this case, where no action had been taken by the Grand Jury for over nine months with respect to the charges against the defendant, Criminal Term had jurisdiction to dismiss the felony complaint.

On May 25, 1980, the then 15-year-old defendant herein was arraigned on a felony complaint charging him with arson in the first degree (Penal Law, § 150.20). Three days later, following a preliminary hearing, the defendant was held for the action of the Grand Jury (CPL 180.75). After some five weeks of incarceration during which no indictment was voted, on July 7, 1980, defendant was ordered released on his own recognizance pursuant to CPL 190.80.

On March 18, 1981, after the passage of some nine and one-half months from the time of the defendant's arrest and the Grand Jury still having failed to take any action, Criminal Term granted defendant's motion to dismiss the charges against him. On this appeal, the People maintain that their delay in providing the defendant with a speedy trial is excusable under CPL 30.30 (subd 4, par [g]) because necessary witnesses have been unavailable despite repeated but unsuccessful efforts to locate them. It is further argued that Criminal Term was without jurisdiction to dismiss the charges since CPL 210.20, under which defendant moved, applies only to motions to dismiss indictments and no indictment had been filed.

We conclude that Criminal Term was correct in dismissing the charges against the defendant.

Except in certain instances not here applicable, a motion made pursuant to CPL 210.20 must be granted where the People are not ready for trial within six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony (CPL 30.30, subd 1, par [a]). A criminal action is

commenced by the filing of an accusatory instrument against a defendant in a criminal court (CPL 1.20, subd 1; 100.05; *People v Osgood,* 52 NY2d 37; *People v Warren,* 81 AD2d 872). At bar, the felony complaint was filed on May 25, 1980 and the People had six months from that date within which to be ready for trial. Nine months had elapsed between May 25, 1980 and February 27, 1981, when defendant moved to dismiss the charges against him.

Since the People had delayed more than six months from the date of the commencement of the action, the burden was upon them to prove the existence of any time period which might properly be excluded from the time that they had to prepare for trial (*People v Berkowitz,* 50 NY2d 333, 349). Among the periods of time excludable from the six-month period in which the People must be prepared for trial are "periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people's case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people's case and additional time is justified by the exceptional circumstances of the case" (CPL 30.30, subd 4, par [g]). Here, the People made no effort to meet their burden of showing that the time period following defendant's arrest should be excluded under CPL 30.30 (subd 4, par [g], cl [i]) because of their inability to locate a witness whose testimony allegedly would be material. No facts whatever were set forth to show that any witnesses would become available within a reasonable period and no exceptional circumstances were shown that might have justified any delay (CPL 30.30, subd 4, par [g], cl [ii]). Under the circumstances, Criminal Term properly concluded that more than six months of nonexcludable delay had expired from the commencement of the criminal action in violation of the ready-for-trial provisions of CPL 30.30.

The more interesting argument made by the District Attorney is that defendant's motion to dismiss the felony complaint was premature since CPL 210.20 permits a superior court to entertain such a motion only where the defendant already has been arraigned *upon an indictment.* This issue, which was not addressed by Criminal Term, is one that has been considered, with differing results, in a number of cases (see *People v Coleman,* 104 Misc 2d 748; *People v Asselta,* 104 Misc 2d 446; *People v Farley,* 72 Misc 2d 1018 [all finding that in circumstances such as those at bar a superior court may dismiss a felony complaint]; contra, *People v Wright,* 88 Misc 2d 14), but is one of first impression at the appellate level.

It appears that when the Legislature enacted CPL 30.30, it did not provide for the situation in which a defendant is held for the Grand Jury and the six-month ready-for-trial period expires *before any action is taken by the Grand Jury.* Nevertheless, while the Legislature failed to establish a vehicle for the dismissal of charges under these circumstances, it is our view that it intended that the time limits and mandatory dismissal provisions set forth in CPL 30.30 apply in the case where a defendant has been arraigned upon a felony complaint but has not been indicted within the statutory six-month period.

The apparent legislative oversight in providing a dismissal mechanism under these circumstances is readily explained by tracing the development of the various speedy trial/ready-for-trial statutes from the former Code of Criminal Procedure to their present form in CPL 30.20 and 30.30. Under section 667 of the Code of Criminal Procedure, if an indictment had not been found against a person held to answer for a crime at the next term of the court, the court might, on application of the defendant, dismiss the prosecution unless good cause to the contrary was shown. However, when the Criminal Procedure Law was enacted (L 1970, ch 996), the substance of section 667 of the Code of Criminal Procedure, providing for dismissal of a prosecution for failure to indict within a fixed time, was not carried forward. Instead, that section, together with a companion section, section 669 (which provided, *inter alia,* for a defendant's release from custody on his own under-

taking or bail if he was not indicted in accordance with the provisions of section 667 of the Code of Criminal Procedure), were replaced by CPL 190.80. That section provides that, absent certain circumstances, upon a defendant's application he must be released from custody on his own recognizance where he has been held for action of a Grand Jury on the basis of a felony complaint and has been committed to custody pending such Grand Jury action for a period in excess of 45 days, or, in the case, as here, of a juvenile offender, 30 days, without any action or disposition of the case by the Grand Jury pursuant to CPL 190.60. Under CPL 190.80, the application for release is made, not in the local criminal court, but in the superior court for which the Grand Jury was or is to be impaneled. As noted, defendant at bar availed himself of this remedy and was released after some five weeks of incarceration.

Thus, while the Legislature provided in the CPL *for a defendant's release from custody* upon order of the superior court if no Grand Jury action is taken within a fixed period, no provision was made *for a dismissal of the prosecution* if no Grand Jury action is taken within a fixed time. Indeed, as originally enacted, the CPL did not even provide for a postindictment dismissal of the prosecution for failure of the People to bring a defendant to trial within a fixed period (cf. Code Crim Pro, § 668, providing for dismissal of a prosecution for failure to bring an indicted defendant to trial by the next term of the court in which the indictment was triable). When it was first enacted, the CPL contained a constitutional statutory speedy trial guarantee (CPL 30.20), but made no attempt to define the expression "speedy trial" in terms of fixed time limitations. According to one commentator, the drafters of CPL believed that due to "the wide variations in volume and calendar congestion [existing] with respect to different types of crimes by reason of population density and geographical factors", it was too difficult to explicitly define the scope and purpose of the guarantee of a speedy trial (see Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 30.30, p 148). Apparently, the drafters were also influenced by the ineffectiveness of those provisions of the Code of Criminal Procedure requiring dismissal if a defen-

dant was not indicted (Code Crim Pro, § 667) or, following indictment, brought to trial (Code Crim Pro, § 668) by the next term of the court. Thus, the only purpose to which specific time limitations were put was the prevention of extensive pretrial incarceration (see, e.g., CPL 190.80; see, also, Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 30.20, pp 131-136, and CPL 30.30, p 148). As originally enacted, the CPL did not mandate that a defendant be brought to trial within a certain fixed time limitation. Shortly after its enactment, however, the CPL was amended by the addition of the original version of CPL 30.30, which provided a preference for criminal actions over civil actions (L 1971, ch 884, § 20), but which did not fix time limitations. This earlier version of CPL 30.30 was subsequently repealed and, with some revision, re-enacted as CPL 30.20 (subd 2) (L 1972, ch 184, § 1). The present CPL 30.30 was added at the same time (L 1972, ch 184, § 2).

In the period following enactment of the CPL, the first formula setting forth specific time periods within which a defendant had to be brought to trial or have the charges dismissed appeared in a series of rules promulgated by the Administrative Board of the Judicial Conference just prior to the effective date of the new CPL (Seventeenth Ann Report of NY Judicial Conference, 1972, pp A18-A20). This action by the administrative arm of the judicial branch prompted the Legislature to enact the present CPL 30.30 with its specific time limitations and sanction of mandatory dismissal. It was specifically stated that this provision was deemed to supersede any rules of the Administrative Board of the Judicial Conference regarding the time within which a defendant must be brought to trial (L 1972, ch 184, § 5). It is worth noting, however, that rather than specifying the time within which a *defendant must be brought to trial,* as had the administrative rules, the Legislature set forth limits on the time within which *the prosecution must be ready for trial.* The Legislature did, however, adopt the six-month period utilized in the administrative rules as the period applicable to felony cases (CPL 30.30; Seventeenth Ann Report of NY Judicial Conference, 1972, p A19).

In providing for dismissal of the charges against a defendant, however, the Legislature only made reference to motions made pursuant to CPL 170.30 (subd 1, par [e] [motions in local criminal court to dismiss an information, a simplified information, a prosecutor's information or a misdemeanor complaint]), and CPL 210.20 (subd 1, par [g] [motions in a superior court to dismiss an indictment]). No provision was made for dismissal of a felony complaint. Thus, after having originally eliminated all earlier provisions for mandatory dismissal for failure to provide a speedy trial within a fixed time period, including the provision for dismissal for failure to indict within a fixed time period (Code Crim Pro, § 667), the Legislature, in reimposing fixed time periods with strict ready-for-trial requirements, allowed a gap to be created in which no procedural mechanism was provided for dismissal of a felony complaint in a case in which the People failed not only to be ready for trial, within six months, but also to even secure an indictment within that period.

■ We conclude, however, that in spite of the absence of a specific provision for the preindictment dismissal of a felony complaint, to deny such relief to defendant under the circumstances at bar would run contrary to the purposes of CPL 30.30. The Court of Appeals made it clear in *People v Osgood* (52 NY2d 37, *supra*), that the prosecutor's statutory obligation to be ready for trial within six months commences with the filing of a felony complaint, where one is filed, rather than with the return of an indictment. Although the Legislature apparently failed to anticipate that when the ready-for-trial limitation is computed based upon the date that the felony complaint is filed, a situation such as that at bar can arise, it is clear that there is sufficient inherent power in the court to act upon defendant's application to dismiss the felony complaint.

Initially, it is apparent that the application was properly addressed to the Supreme Court, a superior court, rather than to the Criminal Court of the City of New York, a local criminal court (CPL 10.10, subds 2, 3). Once a local criminal court has ordered that a defendant be held for the action of the Grand Jury and has transmitted the order, the felony complaint and the supporting papers to the

superior court, the criminal action is no longer pending in the local criminal court (CPL 180.70, subd 1). From that point onward, jurisdiction over the matter rests with the superior court in which the Grand Jury, an arm of that court, has been impaneled (CPL 190.05). The Legislature's intent that the superior court have jurisdiction of the criminal action after the defendant has been ordered held for the Grand Jury, but before it has acted, is also manifested by the fact that, as noted above, applications for a defendant's release from custody upon failure of a timely Grand Jury action are to be addressed to the superior court (CPL 190.80), as are applications for bail (CPL 530.40). Likewise, applications to have a criminal action returned to the local criminal court to cure defects in the felony complaint are addressed to the superior court (CPL 180.40). Thus, it is clear that the authority to entertain an application for dismissal of the prosecution under these circumstances resided in the Criminal Term of the Supreme Court.

It is well established that a criminal court is inherently empowered to dismiss a prosecution where there has been an unreasonable delay (see *People v Singer*, 44 NY2d 241, 253; *People v Staley*, 41 NY2d 789, 791; see, also, NY Const, art I, § 6). Although the question of whether there has been such an unreasonable delay as to warrant dismissal of the action generally entails a balancing of several factors (see *People v Taranovich*, 37 NY2d 442), due to the nature of the claim herein, the length of the delay, standing alone, is dispositive of the issue. The People's unexcused failure to be ready for trial in a timely fashion mandates an immediate dismissal of the prosecution. To hold otherwise would mean that a defendant such as the one at bar, in spite of his having clearly established the existence of a period of delay in excess of six months from the filing of the felony complaint, would nevertheless be left in limbo. Although the Legislature has declared that the unexcused passage of such a six-month period mandates dismissal of the charges against him, no method has been provided to the defendant for obtaining such a dismissal until an indictment has been returned. It is patently unfair to deprive a defendant of such an opportunity.

Defendants have a very real interest in securing a final disposition of an action (*People v Coleman,* 104 Misc 2d 748, *supra*), and should not be compelled to await the further action of the prosecutor and the Grand Jury where any resulting indictment clearly would be subject to immediate mandatory dismissal (CPL 30.30, 210.20). "[T]he six-month ready rule was meant to eliminate unjustified delays and was not intended to provide rewards or incentive for delay" (*People v Osgood,* 52 NY2d 37, 45, *supra*).

If an indictment eventually were to be filed against defendant in this matter, the order entered upon granting of his motion to dismiss (CPL 30.30, 210.20) would be deemed a termination of the criminal action in defendant's favor entitling him to seek, *inter alia,* the return of all fingerprints and photographs and the sealing of the official records of the action (CPL 160.50). Further, were this a case in which defendant had not already been released from custody upon his own recognizance (CPL 190.80), he would be entitled to immediate discharge from custody (CPL 210.45, subd 8). In addition to these specific benefits which derive from the termination of a criminal action in favor of a defendant, there is the obvious benefit of liberation from the stigma of standing accused of an unprovable charge and from the detrimental consequences attendant to such a condition (see *Matter of Hynes v Karassik,* 47 NY2d 659, 662-663).

Since it has been already clearly established that defendant is entitled to a mandatory dismissal of any subsequent indictment in this action, we can see no sound reason for depriving him of an order immediately terminating this action in his favor.

Accordingly, we find that Criminal Term properly dismissed the felony complaint upon the grounds set forth in CPL 30.30 (subd 1), and therefore, the order appealed from should be affirmed.

TITONE, J. P., RUBIN and BOYERS, JJ., concur.

Order affirmed.