OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be reversed, the proceeding converted to an action for declaratory judgment and judgment granted declaring that Supreme Court had no authority to dismiss the felony complaint.
Whether the proceeding be considered as one for prohibition or for mandamus, it does not lie when there is available another adequate remedy (Matter of State of New York v King, 36 NY2d 59; 8 Weinstein-Korn-Miller, NY Civ Prac H 7801.07). An action for declaratory judgment is available to review the order of Supreme Court, Criminal Term, dismissing the felony complaint, for the People’s appeal involves no factual issues, is not collateral and the trial court’s ruling is likely to recur with similar results (Matter of Morgenthau v Erlbaum, 59 NY2d 143; see, Press v County of Monroe, 50 NY2d 695). We, therefore, convert the proceeding, pursuant to CPLR 103 (c), to an action for declaratory judgment.
On the merits, it is clear that Supreme Court was without authority to dismiss the felony complaint. CPL 210.20 provides only for the dismissal of indictments and the trial courts may not “dismiss criminal proceedings on grounds * * * which the *752 Legislature never authorized.” (See, People v Douglass, 60 NY2d 194, 205.) Nor is there inherent or supervisory authority for such a dismissal (id., at p 205). Insofar as People v Daniel P. (94 AD2d 83) holds to the contrary, it is not to be followed.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), judgment reversed, without costs, proceeding converted to an action for declaratory judgment and judgment granted declaring that Supreme Court had no authority to dismiss the felony complaint, in a memorandum.