OPINION OF THE COURT
James J. Battisti, Jr., J.
Defendant moves for an order (1) dismissing this criminal action on the grounds defendant had been denied a speedy trial pursuant to CPL 30.30 (1) (a), and (2) terminating the securing order herein pursuant to CPL 510.10.
Defendant was charged on May 8, 1987 with forgery in the second degree, a class D felony, by the filing of a felony *527 complaint in the Justice Court of the Village of Coxsackie. On May 12, 1987, a securing order was entered therein fixing bail at $2,500, the defendant entering a plea of not guilty. No further judicial proceedings occurred in the Justice Court, nor has the matter ever been presented to a Grand Jury. In response to the instant motion, the People have supplied a letter to the court indicating that they decline to further prosecute this case.
It appears that on the merits the motion is well taken, in that more than the statutory six-month period has elapsed since commencement of the action without the People announcing readiness for trial, and the People have not alleged any excludable periods so as to extend that period. If the Grand Jury were now to indict defendant it appears the indictment would be subject to immediate dismissal after arraignment pursuant to CPL 210.20 (1) (g). The problem presented, however, is one of jurisdiction.
In similar circumstances, several courts have granted preindictment dismissal of a felony complaint on a motion pursuant to CPL 30.30, reasoning that the purposes of that section would be thereby served despite the absence of specific statutory authority for such dismissal. (People v Daniel P., 94 AD2d 83 [2d Dept 1983]; People v Burdick, 112 Misc 2d 997 [Greene County Ct 1982]; People v Asselta, 104 Misc 2d 446 [Sullivan County Ct 1980]; People v Farley, 72 Misc 2d 1018 [Sup Ct, Queens County 1973].)
The Court of Appeals has, however, since clearly stated that a superior criminal court is without jurisdiction to dismiss a felony complaint under CPL 210.20, since that section "provides only for the dismissal of indictments” (Matter of Morgenthau v Roberts, 65 NY2d 749, 751), and that there is no inherent authority in the trial courts to dismiss criminal proceedings on grounds which the Legislature never authorized (People v Douglass, 60 NY2d 194, 205).
It appears, furthermore, that under the circumstances no court has jurisdiction to entertain the motion to dismiss. Supposing, for instance, that this court were to exercise its authority to return the case to the local criminal court on the request of the People (CPL 180.40), that court would face the same dilemma now confronted here, for it would have before it a "felony complaint”, while CPL 170.30 (1) (e) provides for the dismissal only of nonfelony "informationfs]” or "misdemeanor complaint[s]”. In the face of these clear indications *528 from the Court of Appeals, dismissal of the pending felony complaint by either court would be of illusory comfort to defendant, since that accusatory instrument would be subject to reinstatement as a matter of law (People v Douglass, 60 NY2d 194, 207, supra).
Defendant’s only options appear to be to waive indictment and seek arraignment on a superior court information, or to persuade the District Attorney to present the case to a Grand Jury and obtain either an indictment or a no bill. While either course seems to this court a colossal waste of resources, it remains for the Legislature to remedy the lack of judicial authority to grant to this defendant and others similarly situated the dismissal to which he appears entitled. The motion to dismiss the felony complaint is accordingly denied, for lack of jurisdiction.
Turning to defendant’s second motion, it appears the court has authority, and it does accordingly release the defendant on his own recognizance, and orders that bail in the amount of $2,500 be exonorated. (CPL 510.10, 510.20 [1]; 510.40 [2].)