OPINION OF THE COURT
Christian F. Hummel, J.
This is a proceeding brought by Joann Deviddio, administratrix of the estate of Joyce J. Kyea, deceased, seeking an order allocating the proceeds of the settlement of a civil action and granting other related relief. The matter is presently before the court upon the motion of the Rensselaer County Department of Social Services (hereinafter Department) made pursuant to CPLR 3211 for an order dismissing and/or precluding the proffer of evidence of certain affirmative defenses stated by the movant to have been asserted by the administratrix in response to the Department’s claim and in response to its objections to the accounting filed by the administratrix.
The Department’s claim seeks to recover $561,490.15 from the estate for Medicare assistance provided to the deceased. Having withdrawn one of two defenses originally raised, the administratrix now principally relies upon the defense that Suzanna Kyea, an adult daughter of the decedent, is permanently and totally disabled, thus placing in issue the applicability of Social Services Law § 369. As here pertinent, this section provides for the adjustment or recovery from the estate of a deceased for medical assistance provided at a time when that in *823 dividual was 55 years of age or older (Social Services Law § 369 [2] [b] [i] [B]). The section continues, however (in subdivision [2] [b] [ii]), to provide: “Any such adjustment or recovery shall be made only after the death of the individual’s surviving spouse, if any, and only at a time when the individual has no surviving child who is under twenty-one years of age or is blind or permanently and totally disabled.” (Emphasis supplied.)
Among other submissions, the claim that Suzanna Kyea is permanently and totally disabled is supported by her affidavit (exhibit A of mem in opposition to motion) and the affidavits of two physicians {see petition, exhibits H, B to mem in opposition to motion). It is also noted that Suzanna Kyea, an employee of the Enlarged City School District of Troy, now on medical leave, has applied to the New York State and Local Retirement System for disability retirement benefits. This application is presently pending. In addition, it is noted that upon a prior motion of the Department, this court, by order of June 23, 2010, directed an independent medical examination of Suzanna Kyea. This examination was conducted and the report of its findings furnished to the court {see Department’s notice of motion, exhibits H, J).
As stated, the Department’s motion seeks relief pursuant to CPLR 3211. CPLR 3211 (b) provides the grounds for the dismissal of a defense, that being “that a defense is not stated or has no merit.” When, under this provision, a defensive pleading is attacked on its face, all allegations are deemed true. When, as here, the motion is supported by affidavits and other proof, “all reasonable inferences are drawn in favor of the defense.” (Siegel, NY Prac § 269, at 428 [3d ed].) In either event, the section clearly contemplates the existence of a written pleading in which the defense is asserted. In the instant matter, there is no such pleading. The Department’s claim was deemed rejected by operation of statute upon the failure of the administratrix to allow the same within 90 days from the date it was presented. {See SCPA 1806 [3].) The affirmative defenses the Department seeks to dismiss are stated to be based upon a review of correspondence and representations made by counsel for the administratrix in telephone conversations and in conferences with the court. {See affirmation of Attorney Timothy R. Shevy, dated Nov. 16, 2010, para 13, annexed to Department’s notice of motion.)
The absence of a defensive pleading presents, at the very least, procedural difficulties, the court being asked to dismiss a defense not formally presented. This notwithstanding, in the *824 absence of objection — and there is none — the court, to the extent it is deemed appropriate, will address the presented issues. In so proceeding, the court finds authority not only in CPLR 3211 and in the expressed and implied consent of counsel, but more directly in section 201 of the SCPA. SCPA 201 (3) provides:
“The court shall continue to exercise full and complete general jurisdiction in law and in equity to administer justice in all matters relating to estates and the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any action or proceeding, or between any party and any other person having any claim or interest therein, over whom jurisdiction has been obtained as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.”
It is the Department’s position that Suzanna Kyea was not at any time disabled and is not presently disabled. This position raises basic factual issues, the resolution of which are beyond the scope of this motion. The Department agrees. In its reply memorandum of law, the Department refutes an opposing argument that it is seeking summary judgment. (Reply mem, dated Jan. 19, 2011, at 1.) The Department, however, argues that since the proof submitted establishes that Suzanna Kyea was employed and working at the time of the filing of its claim, she cannot at the same time be determined to be disabled. It is accordingly urged that as a question of law the defense grounded on a claim of disability must fail.
The court cannot agree. Social Services Law § 369 does not provide a definition of the critical terms “totally and permanently disabled.” This definition is left to be determined, not only by reference to other statutory provisions, but otherwise, including the application of other statutes and their purposes to the presently disputed facts of this controversy. Disability is claimed and this claim is supported by affidavits. When all reasonable inferences are given to this defense, the ability to assert the same cannot be denied.
In addition, the Department’s argument assumes that for disability to be an effective defense it must exist at the time of the filing of the Department’s claim and not thereafter. Social Services Law § 369 (2) (b) (ii), however, speaks not of the time of *825 the making of a claim, but of the time of recovery. As here applicable, the statute permits recovery from the estate “only at a time” when the individual who received assistance has no surviving child who is permanently and totally disabled. While here not decided, the petitioner must be allowed to present evidence and argument to the point that the time of the claim’s filing is immaterial if Suzanna Kyea is found to be presently disabled, this being the time recovery is sought to be accomplished by court direction.
The remaining argument in support of dismissal is that this court is without subject matter jurisdiction to determine the issue of disability. Presumably, this argument is made in the alternative, as it appears to contradict the Department’s above-noted position, which is premised upon the ability of the court to make a disability determination in the negative. In addition, it is, at least, inconsistent with the Department’s participation in the litigation of the disability issue by its prior motion and discovery demands.
It is, in any event, the Department’s position here that for the purposes of Social Services Law § 369 (2) (b) (ii), a determination of disability can only be made by administrative bodies authorized for specialized purposes to entertain and decide disability claims and certify individuals as eligible for various benefits.
In framing this argument the Department acknowledges it is presenting an issue of first impression, and that section 369 (2) (b) (ii) does not contain any provision requiring independent administrative certification. The statute’s failure to require the same is attributed to unintentional legislative error and is stated to be an “innocuous omission.” The argument is rejected. In the attending circumstances, the court may not presume legislative error, nor does it possess the authority to do so under the guise of statutory interpretation. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 240; Matter of Grossman, 71 Misc 2d 1050, 1053 [1972].) Further, if the Department’s position is to be accepted, it must be presumed that section 369 (2) (b) (ii) has no purpose or function in situations where, as here, there has been no administrative determination, or in situations when such a determination may never be required to be made. Again, the court may not so presume.
The jurisdiction of this court to entertain this and all questions legal or equitable in matters relating to estates and the affairs of decedents is found in SCPA 201 (3) quoted above. If it *826 was the legislative intent to restrict this court’s jurisdiction, as it is here urged, it may be assumed the same would be attempted more directly than by unintentional omission. Moreover, in all instances where administrative determination of disability is authorized, it is for the limited purpose of granting or denying eligibility for specific benefits. It is simply not an administrative function to here determine the validity of the Department’s claim, and there is no showing to even indicate the Legislature in enacting section 369 (2) (b) (ii) contemplated otherwise.
The Department’s motion to dismiss defenses pursuant to CPLR 3211 (b) is, accordingly, in all respects denied.
In the event of the denial of this motion, the Department requests an order directing further discovery in the form of the issuance of authorizations for the release of medical and employment records. Counsel will be heard on this matter and appropriate discovery scheduled at calendar call to be held by this court on March 8, 2011, at 10 o’clock in the forenoon of that day. At that time counsel will also be heard on petitioner’s request for leave to release commissions and make reimbursement of funeral expenses.