■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THELBERT WARREN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 28, 1978, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Matter remitted to Criminal Term for a hearing on defendant's motion under CPL 30.30 to dismiss the indictment and appeal held in abeyance in the interim. Criminal Term is to file its report with all convenient speed. On the evening of February 12, 1975 defendant, who was living with his sister and her family, was in his niece's bedroom, unloading a .22 caliber revolver. After tapping the gun so that the shells fell onto the floor, defendant pulled the trigger. One of his nieces, who had been standing in the doorway to the room, was shot in the arm. Defendant ran downstairs, told his sister he was sorry, and left the house. An hour or so later, he turned himself in to the police. Defendant testified that minutes before the incident he was given the revolver by his sister's boyfriend, Tony. Tony had told him to get rid of it. Defendant took the gun with the intention of disposing of it for Tony. Defendant thought the gun was unloaded after he had tapped the gun. He testified that he did not see his niece by the door, and, without aiming, pulled the trigger. When his niece was injured, he ran downstairs, told his sister what had happened and that he was sorry, and left the house. He immediately threw the gun away and shortly thereafter went to the police station, where he was placed under arrest. A felony complaint was filed on February 13, 1975. The case was dismissed on February 25, 1975 for failure to prosecute. An indictment was filed on August 15, 1975. Trial of defendant commenced on October 16, 1978, with the jury selection process. (See CPL 1.20, subd 11; *Matter of Brackley v Donnelly*, 53 AD2d 849.) Before the first witness was sworn, defendant moved for dismissal of the indictment on the ground that his rights under CPL 30.30 were violated. That motion was untimely, because the trial had already commenced. (See CPL 210.20, subd 2.) However, the People did not oppose the motion on timeliness grounds, but contested it on the merits. The court in its discretion considered the motion (see CPL 255.20, subd 3; cf. *People v Consolazio*, 40 NY2d 446, 455), and denied it. Acting on the basis of what was then settled law in this department (see, e.g., *People v McBride*, 64 AD2d 873; *People v Hall*, 64 AD2d 1034), the court held that the six-month time limitation specified in CPL 30.30 began to run from the filing of the indictment, rather than from the filing of the felony complaint. That line of cases has now been overturned. *(People v Osgood,* 52 NY2d 37.) The Court of Appeals has clearly ruled that the time period contemplated in CPL 30.30 commences to run on the filing of the original complaint. Replying on what was then settled law in this department, the People did not present any evidence to show that the delay between the filing of the felony complaint and the subsequent indictment was caused by exceptional circumstances. (See CPL 30.30, subd 4, par [g].) The People should be given the opportunity to submit such evidence. (Cf. *People v Payton,* 51 NY2d 169, 177-178; *People v Havelka*, 45 NY2d 636, 643.) Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.