■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THELBERT WARREN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (McGrover, J.), rendered November 28, 1978, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. By order dated May 11, 1981, this court remitted the case to Criminal Term to hear and report on defendant's motion to dismiss the indictment upon the ground that his rights under CPL 30.30 were violated, and held the appeal in abeyance in the interim (*People v Warren,* 81 AD2d 872). Criminal Term (Meyerson, J.), has now complied, and has concluded that defendant was denied his right to a speedy trial under CPL 30.30. Judgment reversed, on the law, defendant's motion to dismiss the indictment granted,

indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. We agree with Criminal Term's finding that the entire period of February 25, 1975 to August 15, 1975 is chargeable to the People under CPL 30.30. The People contend that this period should be excluded as having been occasioned by "exceptional circumstances" (see CPL 30.30, subd 4, par [g]). The People claim that the delay was caused by a shortage of investigating officers existing at that time and a large case load in the District Attorney's office. The record reveals that the complaining witnesses were not unavailable, but simply were not contacted by the District Attorney's investigators until July 15, 1975. There is no indication that any effort was made to contact or subpoena them prior to that date. The People have failed to make a showing of "credible, vigorous activity" as is required under circumstances such as exist in this case (*People v Washington,* 43 NY2d 772, 774). While the lack of effort may well have been caused by the work load and shortage of personnel, these reasons do not constitute "exceptional circumstances" (*People v Sturgis,* 77 Misc 2d 766, affd 46 AD2d 741; cf. *People v Brothers,* 50 NY2d 413). A contrary holding would thwart the purpose of CPL 30.30, which "is to require the prosecution to be prepared within six months in all but the unusual case" (*People v Berkowitz,* 50 NY2d 333, 349). The District Attorney concedes that the period from August 15, 1975, to November 19, 1975, is properly chargeable to the People. The People are therefore chargeable with an almost nine-month period, running from February 25, 1975, to November 19, 1975. We need not consider allegations as to any other time frame. Defendant was denied his right to a speedy trial, and the motion to dismiss is, therefore, granted. Since the indictment must be dismissed, it is unnecessary to consider defendant's remaining contention on appeal. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.