OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
We agree that there was no violation of defendant’s right to a speedy trial, as to the constitutional right for the reasons stated by the Appellate Division and as to the statutory right (CPL 30.30, subd 4, par [g]) because the efforts of the District Attorney to obtain assignment of visiting Judges constituted a sufficient indication under the peculiar circumstances of this case that the People were ready for trial, whether the resident County Court Judge be deemed disqualified or not.
It was, however, error for the Trial Judge in a trial involving charges of riot in the first and second degrees and unlawful imprisonment in the first and second degrees to read section 20.00 of the Penal Law to the jury but refuse to instruct them as required by section 20.15 of that law that it is the mental state and the accountability for an aggravating fact or circumstance of each defendant which determines the degree of the offense of which that defendant may be found guilty. Moreover, the error was compounded by the Trial Judge’s response to the jury’s inquiry whether defendant had to be a direct participant in inflicting personal injury to be found guilty of riot in the first degree. His response was to reread section 20.00 and to refuse once again to charge as section 20.15 requires (cf. People v Ciaccio, 47 NY2d 431, 436; see Bollenbach v United States, 326 US 607, 612).
*974 We do not reach the remaining claims of error in view of the new trial ordered.
Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur in memorandum; Chief Judge Cooke and Judge Jones taking no part.
Order reversed, etc.