OPINION OF THE COURT
Roger S. Hayes, J.
The case presents the question whether a prosecutor who failed to declare readiness for trial until after the expiration *865 of the applicable period required by CPL 30.30 may excuse his failure by a claim that he mistakenly relied on the court’s erroneous calculations and the defendant’s silence about the error when he consented to an adjournment date that fell outside the statutory period.
I
The facts are straightforward. On August 22, 1985 the defendant was arraigned on a misdemeanor complaint, charging him with a violation of Penal Law § 145.00, a class A misdemeanor. The case was adjourned several times for a corroborating affidavit. On November 14, 1985, 84 days had elapsed since the commencement of the criminal action and the People did not have the corroborating affidavit. The following discussion took place between the Assistant District Attorney (A.D.A.) and the Judge who was then presiding:
"A.D.A.: 'Your Honor, the People do not have a corroborating affidavit]. I understand that 30.30 date is November 20 in this case.’
"Court: 'It would be November 4 — no, no, I’m sorry — November 22.’
"A.D.A.: 'We would ask for an adjournment to 30.30 day for either a corrob or for trial.’
"Court: 'We’ll have November 22, 30.30 day.’ ”
On November 22, the ninety-second day after the commencement of the criminal action, the People filed a superseding complaint and the corroborating affidavit which converted it to an information. They also answered ready for trial on the record when the case was called.
II
On November 22, 1985, the defense moved, pursuant to CPL 170.30 (1) (e), to dismiss the charge because the People were not ready for trial within the 90-day period required by CPL 30.30 (1) Ob). The People opposed the motion, contending that the defense consented to the adjournment from November 14 to November 22 by failing to object to the court’s computation of days and its designation of November 22, 1985 as the CPL 30.30 date.
III
This contention is incorrect. There is nothing in the record *866 to indicate that the defense in any way consented to the adjournment or, for that matter, played any role whatsoever in the selection of the adjournment date. The defense is under no duty to correct a miscalculation by the court and prosecutor. It is the People’s responsibility to properly announce they are ready for trial within the constraints of CPL 30.30. The defendant does not have to demand a trial or announce his readiness. (People v Hamilton, 46 NY2d 932, 933-934 [1979].)
It is the People’s responsibility to make the correct calculations as to when CPL 30.30 expires. In this case, the court’s error did not prevent the People from answering ready in a timely fashion. All the People had to do was ask to have the case advanced to any day before the CPL 30.30 time expired and, on that date, convert the complaint to an information and then convey their readiness for trial. (Hamilton, supra, p 933.) Thus, this situation is distinguishable from that in People v Conrad (44 NY2d 863 [1978], affg 93 Misc 2d 655 [County Ct, Monroe County 1976]). In Conrad, there was an affirmed finding that the Town Court was negligent, and that negligence prevented the People from meeting their obligation under CPL 30.30. In this case, the court did not prevent the People from answering ready in a timely fashion. The People could have advanced the case as discussed above, or could have filed a certificate of readiness with the court clerk and served a copy of the certificate on the defense counsel.
Since the People were not ready for trial within 90 days of the commencement of this criminal action, the defense motion is granted and the charge is dismissed.