*702 OPINION OF THE COURT
Paula J. Omansky, J.
The defendants were arrested on August 6, 1988, and charged with one count of felony assault (Penal Law § 120.05 ), six counts of misdemeanor assault (Penal Law § 120.00 [1], ), and six counts of harassment (Penal Law § 240.25 [1]). They were arraigned on August 7, 1988, and the case was adjourned for Grand Jury action to October 3, 1988, and then again to November 28, 1988.
On November 28, 1988, the People orally moved to reduce the felony complaint. The notation on the court docket is "Red[uced] to 120.00, 240.25” and a blueback was attached. No notations were made on the felony complaint. The case was adjourned to January 11, 1989 for corroboration — six supporting affidavits were needed. No corroborations were filed on that date, and the case was adjourned for that purpose to January 25, 1989. On January 25, 1989, two corroborations were filed. On February 7, 1989, the remaining four corroborations were filed, purportedly converting the misdemeanor complaint to an information. On the same day, February 7, 1989, the People answered ready for trial. This was six months after the filing of the felony complaint. In the interim defendants had not consented to the delay nor requested any adjournments.
On February 7, 1989 the defendants requested motion schedules and defendants John Lehrer and Robert Leake eventually filed Clayton motions for dismissal in the interest of justice (CPL 170.40). On March 28, 1989, the presiding Judge adjourned the case to April 25, 1989, for decision. On March 29, 1989, this court, on reviewing the motion papers, advanced the case on the calendar "to request supplemental motions on attempted reduction of felony complaint in light of People v. Minor, N.Y.L.J. 3/1/89, p. 24, col. 6.” Thereafter, the two Lehrer defendants made a motion, in which defendant Leake joined, to dismiss pursuant to CPL 30.30, and this motion was submitted for decision along with the Clayton motion.
THE CPL 30.30 MOTION
People v Minor (NYLJ, Mar. 1, 1989, at 24, col 6 [App Term], supra) holds that in order to reduce a felony complaint to a misdemeanor accusatory instrument, the method set forth in CPL 180.50 must be strictly complied with. Insofar as the *703 reduction purports to be made under CPL 180.50 (3) (a) (iii) and (b), the court must make notations either upon or attached to the felony complaint which make the necessary and appropriate changes in the title of the instrument and in the names of the offenses charged. (People v Minor, supra.)
Specifically, the Appellate Term held: "A notation in the court docket is without effect. An attempted reduction of a felony complaint, even though acquiesced to by defendant, not done pursuant to the requirements of CPL 180.50 is invalid and of no legal effect and the felony complaint remains pending” (People v Minor, supra).
In Minor (supra), the statutory time had not elapsed on the felony complaint, and defendant’s CPL 30.30 motion was premature. In this case, six months have passed; the People have not answered ready for trial on the felony complaint; and no adjournments are chargeable to defendants.
The People’s position is that it was solely the court’s responsibility to make the necessary annotations on the felony complaint in order to reduce the charges and that they relied on the court to discharge its duties properly. They argue that errors of the court are not attributable to the People, and amount to "exceptional circumstances” within the meaning of CPL 30.30 (4) (g), citing People v Sturgis (38 NY2d 625, 627 [1976] [four-day period excludable where, before the defendant’s arraignment, the trial court retained all of the papers before submitting them to the District Attorney]), People v Conrad (93 Misc 2d 655 [Monroe County 1976], affd 44 NY2d 863 [1978] [failure of the trial court to schedule a jury trial was tantamount to negligence, and such negligence could not be imputed to the People for speedy trial purposes]), People v Castro (80 AD2d 656 [3d Dept 1981], read on other grounds 55 NY2d 972 [1982] [the actions of the court in disqualifying itself and holding no calendar not only prevented a trial but also prevented the People from communicating its readiness on the record]) and People v Smith (97 AD2d 485 [2d Dept 1983] [three-day period excludable because of the court’s failure to arraign the defendant]).
Whatever merit this argument might have had is undermined by the People’s position in this case. They say that they knew the court was not complying with the statutory procedures. Thus, they say in their papers, without attaching any transcript, that the court failed to make the inquiry required by CPL 180.50 (1) as to the propriety of the reduction, and *704 failed to take action pursuant to CPL 180.50 (3) (a) (i), (ii) or (iii). Nonetheless, they argue that they relied on the court to discharge its duties properly under the statute, and without such reliance, the People could have either presented the case to the Grand Jury or moved for a proper reduction.
If the People knew that the court was slighting the statutory procedures, there is no basis for their claim that they relied on the court to discharge its responsibilities properly under the statute. The court’s error was easily cured. All the People had to do was ask. (People v Rodriguez, 131 Misc 2d 864 [Crim Ct, NY County 1986].) Such a request would not amount to the People’s usurping the judicial function or reviewing the court’s action, as the People contend; nor would it be any more burdensome than asking the court if a corroborating affidavit had been filed. Knowing of the court’s error, the People had the authority, if not the obligation, to ask the court to comply with the statute. On the other hand, if the People were reluctant to ask, they could have presented the case to the Grand Jury, if it were so clear before People v Minor (supra) that the reduction had not been properly effected.
In other words, the court’s error did not foreclose the options available to the People, either of asking the court to rectify the error or proceeding on the felony complaint. On this version of the facts, then, it cannot be said that the court’s error prevented the People from becoming ready for trial. (People v Meierdiercks, 68 NY2d 613 [1986] [adjournment order sua sponte by the court did not prevent People’s readiness for trial]; People v Brothers, 50 NY2d 413 [1980] [court congestion did not prevent People’s readiness]; People v Rodriguez, 131 Misc 2d 864 [Crim Ct, NY County 1986], supra [court’s erroneous calculations of CPL 30.30 date did not prevent People’s readiness].)
The People, however, take an alternate position which more accurately describes what took place. As the People also admit, they were relying on the court’s practice of reducing the felony complaint by noting the reduction on the court docket and attaching a blueback, without marking the felony complaint. Here, as in People v Minor (supra), all parties involved — the court, the People, and defendant — thought the reduction had been properly effected, and the case proceeded as a misdemeanor.
The court’s error in failing to mark the felony complaint *705 was neither a willful dereliction of duty (cf., People v Sturgis, 38 NY2d 625 [1976], supra), nor tantamount to negligence (cf., People v Conrad, 93 Misc 2d 655 [Monroe County 1976], affd 44 NY2d 863 [1978], supra). A colorable argument could be made that the court’s practice of making notations on the court docket and attaching a blueback reciting the defendants’ names and the misdemeanor charges complied substantially, if not literally, with the writing requirements of the statute. (See, People v Brown, 40 NY2d 183, 186-188 [1976]; People v Sullivan, 56 NY2d 378 [1982].) Moreover, the practice was so widespread as to pass without comment in some cases (People v Minor, supra), and was specifically approved in others (People Torres, 109 Misc 2d 800 [Crim Ct, Bronx County 1981]; People v Kwang Yul Oh, 141 Misc 2d 496 [Crim Ct, NY County 1988]). Although there was contrary authority (e.g, People v Stoneburner, 129 Misc 2d 722 [Syracuse City Ct 1985]; People v Young, 123 Misc 2d 486 [Crim Ct, Bronx County 1984]), the issue was unsettled in the lower courts. Not until People v Minor (supra) did an appellate court resolve the issue and disapprove of the practice.
A change in settled law invokes the exceptional circumstances exception under CPL 30.30 (4) (g). (People v Zirpola, 57 NY2d 706, 708 [1982]; People v Warren, 81 AD2d 872 [2d Dept 1981].) The Appellate Term’s ruling in People v Minor (supra) that the practice of reducing felony complaints by making notations on the court docket and attaching a blueback did not comply with the writing requirements of CPL 180.50 (3) (a) (iii) is the equivalent of a change in law and amounts to an exceptional circumstance within the meaning of CPL 30.30 (4) (g).
A hearing is normally required for the People to show that exceptional circumstances justified the delay in the prosecution, notwithstanding a change in settled law. (People v Zirpola, supra; People v Warren, supra.) A hearing would be pointless in this case. The consequence of the court’s failure to comply with the statute in effecting the reduction is that the felony complaint remains pending. (People v Minor, NYLJ, Mar. 1, 1989, at 24, col 6, supra.) The People here cannot be expected to show that they were diligently preparing to indict when they thought they were proceeding on misdemeanor charges.
Moreover, on February 7, 1989, the People answered ready on the misdemeanor charges that all concerned believed were pending. This was a sufficient indication under the particular *706 circumstances of this case that the People were acting diligently. (People v Castro, 55 NY2d 972, 973 [1982].)
Accordingly, the period of time between November 28, 1988, the date of the invalid reduction, and February 7, 1989, when the People answered ready, is excluded. (CPL 30.30 [4] [g].) Defendants’ CPL 30.30 motion to dismiss is denied.
THE CLA YTON MOTIONS
The Clayton motions filed by John Lehrer and Robert Leake are denied. The current posture of the case is that the defendants are charged with felonious as well as misdemeanor assault. Apparently a fracas developed at a rock and roll concert, in which these defendants were admittedly involved. Three of the complaining witnesses were treated by doctors for their injuries, and one of them had two teeth knocked out.
Defendants have not shown any compelling factor which clearly demonstrates that their conviction or prosecution would constitute or result in injustice. (CPL 170.40.) Defendant John Lehrer was previously charged with assault, and convicted of resisting arrest. Although Robert Leake has no prior criminal record, and has supplied numerous letters attesting to his good character, this is insufficient to justify a dismissal in the interests of justice. (People v Varela, 106 AD2d 339 [1st Dept 1984].)