Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered May 17, 2012. The judgment convicted defendant, upon a jury verdict, of leaving the scene of a personal injury incident resulting in death without reporting.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of leaving the scene of a personal injury incident resulting in death without reporting (Vehicle and Traffic Law § 600 [2] [a], [c] [ii]). The evidence at trial established that a vehicle struck a pedestrian resulting in his death and that the vehicle left the scene of the accident. A witness gave the police the license plate number of the vehicle, which was registered to defendant. Several hours later, another witness saw the vehicle parked on a street a short distance away from the crime scene, and it had damage consistent with striking a pedestrian. A couple of hours after the accident, defendant was standing in front of a bar and flagged down a passing police officer. The officer testified that defendant appeared intoxicated, and that he showed the officer where he had parked his vehicle, which parking space was now empty. Defendant was issued a ticket for leaving a vehicle unattended with the keys inside (see Vehicle and Traffic Law § 1210 [a]). The defense theory at trial was that defendant was not the person driving the vehicle that struck the pedestrian.
 

 We reject defendant’s contention that County Court improperly allowed a witness to identify the driver of the vehicle using defendant’s booking photograph. The witness testified that she looked at the driver of the vehicle while their vehicles were stopped side by side at a red light just prior to the accident because the driver had just engaged in unsafe driving behavior. The witness, however, was unable to identify defendant in the courtroom as the driver of the vehicle. The People then showed the witness defendant’s booking photograph, and she identified the person in the photo as the driver of the vehicle. The witness had made a pretrial identification of defendant from a photo array that the court had concluded was not unduly suggestive, but that evidence was not presented to the jury, presumably based on the “evidentiary rules ordinarily barring the admission of photographic identification evidence” (People v Perkins, 15 NY3d 200, 205 [2010]; see generally CPL 60.25 [1] [a], [b]; People v Bayron, 66 NY2d 77, 81 [1985]). An officer testified that defendant’s appearance at trial was somewhat changed from the time of the commission of the offense. Under these circumstances, we conclude that the in-court identification used here was not likely to result in an unreliable identification (cf. People v Powell, 67 NY2d 661, 662 [1986]; People v Rivera, 74 AD2d 857, 857-858 [1980]).
 

 Contrary to defendant’s further contention, the prosecutor did not vouch for the credibility of that witness during summation (see People v Ielfield, 132 AD3d 1298, 1299 [2015], Iv denied 27 NY3d 1152 [2016]). Defendant failed to preserve for our review his contention that the court erred in failing to give a cross-racial identification charge to the jury (see People v Dingle, 147 AD3d 1080, 1080-1081 [2017]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
 

 Contrary to defendant’s contention, the court did not err in omitting a witness’s cross-examination testimony during a readback inasmuch as the jury specifically requested only that witness’s direct examination testimony (see People v Coleman, 32 AD3d 1239, 1240 [2006], Iv denied 8 NY3d 844 [2007]; cf. People v Berger, 188 AD2d 1073, 1074 [1992], Iv denied 81 NY2d 881 [1993]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Finally, contrary to defendant’s contention, the autopsy photograph of the victim was properly admitted in evidence (see People v Hernandez, 79 AD3d 1683, 1684 [2010], lv denied 16 NY3d 895 [2011]).
 

 Present — Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.