People v Ganthier (2021 NY Slip Op 03469)





People v Ganthier


2021 NY Slip Op 03469


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2013-10130
 (Ind. No. 443-10)

[*1]The People of the State of New York, respondent,
v
Evans Ganthier, appellant.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein and Robert M. Grossman of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Richard Ambro, J.), rendered September 30, 2013, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On December 4, 2009, a motorist driving along a rural roadway in Connecticut observed what appeared to be a brush fire on the side of the road. Upon closer inspection, the motorist realized that it was a human body on fire. Police and firefighters responded to the scene and extinguished the flames. A K-9 dog alerted the police to accelerant near the body. Using dental records, the body was identified as that of a victim, who was the subject of a missing persons report filed by her family in Suffolk County. An autopsy report disclosed injuries inflicted by sharp force to the victim's neck and abdomen.
Upon his arrest, the defendant waived his Miranda rights (see Miranda v Arizona, 384 US 436), and gave oral and written statements to the police wherein he admitted to being with the victim on the night in question but denied stabbing her. The defendant claimed that the victim tripped over a set of barbells inside his garage and struck her head on the concrete floor, and began to bleed profusely. According to the defendant, the victim died as he was transporting her in his car to a nearby hospital. Panicking, the defendant drove back to his home and then took a ferry to Connecticut, with the victim's body in the back of his car. He later drove to a secluded spot where he dumped the body and set it on fire in an attempt to hide the victim's identity.
On appeal, the defendant argues that the admission of an autopsy report prepared by a physician employed by the Connecticut medical examiner's office through the testimony of another physician employed by the Connecticut medical examiner's office, violated his right of confrontation as secured to him under the Sixth Amendment to the United States Constitution. The defendant also argues that the verdict of guilt was against the weight of the evidence and that he was denied the effective assistance of counsel.
The Confrontation Clause of the Sixth Amendment to the United States Constitution prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant ha[s] had a prior opportunity for cross-examination" (Crawford v Washington, 541 US 36, 53-54). The key inquiry focuses on the category that a statement falls into—whether the nature of the statement or record is testimonial or nontestimonial (see Michigan v Bryant, 562 US 344; Davis v Washington, 547 US 813, 823-824). "[A] statement will be treated as testimonial only if it was 'procured with a primary purpose of creating an out-of-court substitute for trial testimony'" (People v Pealer, 20 NY3d 447, 453, quoting Michigan v Bryant, 562 US at 358; see People v John, 27 NY3d 294, 307). If a different purpose underlies its creation, the issue of admissibility of the statement is subject to federal or state rules of evidence rather than the Sixth Amendment (see Michigan v Bryant, 562 US at 358; People v Pealer, 20 NY3d at 453).
Contrary to the People's argument, the defendant's contention that his right of confrontation was violated is sufficiently preserved for appellate review (see CPL 470.05[2]) inasmuch as the issue was "expressly decided" (CPL 470.05[2]) by the trial court in response to the defendant's application. However, the defendant's contention is without merit. The non-opinion portion of the autopsy report was non-testimonial in nature (see People v John, 27 NY3d at 315; People v Freycinet, 11 NY3d 38; People v Lancaster, 166 AD3d 807; People v Jackson, 125 AD3d 1002), and the unredacted opinion was admitted at the express request of the defendant's counsel.
The defendant contends that his conviction of murder in the second degree was against the weight of the evidence. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495).
A person is guilty of murder in the second degree under Penal Law § 125.25(1) when, with intent to cause the death of another person, he or she causes the death of such person or of a third person. "[I]ntent can be inferred from the act itself" (People v Bracey, 41 NY2d 296, 301) or from the defendant's conduct and the surrounding circumstances (see People v Steinberg, 79 NY2d 673, 682; People v Moore, 118 AD3d 916, 917). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
A criminal defendant is guaranteed the effective assistance of counsel under both the federal and state constitutions (see US Const Amend VI; NY Const, art I, § 6; Strickland v Washington, 466 US 668; People v Turner, 5 NY3d 476, 479). In reviewing claims of ineffective assistance, "care must be taken to avoid both confusing true ineffectiveness [of counsel] with mere losing tactics and according undue significance to retrospective analysis" (People v Satterfield, 66 NY2d 796, 798 [internal quotation marks omitted]). Moreover, to prevail on a claim of ineffective assistance of counsel, a defendant must "'demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings'" (People v Taylor, 1 NY3d 174, 176, quoting People v Benevento, 91 NY2d 708, 712 [internal quotation marks omitted]). Where a defendant fails to carry that burden, "it will be presumed that counsel acted in a competent manner and exercised professional judgment" (People v Taylor, 1 NY3d at 177 [internal quotation marks omitted]; see People v Davydov, 144 AD3d 1170, 1171).
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see People v Hicks, 190 AD3d 766; People v Shepard, 171 AD3d 951).
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court