People v Louime (2022 NY Slip Op 06014)

People v Louime

2022 NY Slip Op 06014

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2017-08697
 (Ind. No. 1637/14)

[*1]The People of the State of New York, respondent,
v
David Louime, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, Merri Turk Lasky, and Danielle M. O'Boyle of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered July 18, 2017, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of murder in the second degree because the prosecution failed to prove the element of homicidal intent beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's homicidal intent beyond a reasonable doubt. The evidence at trial showed that the defendant accompanied a man known as Q to a bar, and that, at some point, Q accosted the victim. During a subsequent confrontation between Q and the victim, Q punched the victim in the head, which apparently rendered the victim unconscious. A melee immediately ensued, during the course of which the defendant threw punches at a man grappling with Q and struck another bar patron in the face. The defendant then targeted the seemingly unconscious victim by punching, kicking, and stomping him in the head several times. The jury could rationally infer the defendant's homicidal intent from this conduct (see People v Martinez-Jiminez, 178 AD3d 538, 539). In addition, the jury could rationally infer from the evidence that the defendant and Q shared "a community of purpose" sufficient to impose accomplice liability on the defendant for Q's act of punching the victim in the head (People v Pietrocarlo, 37 NY3d 1142, 1143 [internal quotation marks omitted]; see People v Hooks, 148 AD3d 930, 931). The defendant's contention, in effect, that the People were required to prove that Q shared in the defendant's homicidal intent in order to support the defendant's own accomplice liability is without merit, as the defendant may be charged with whatever higher degree of crime is "compatible with his own culpable mental state and with his own accountability for an aggravating fact or circumstance" (Penal Law § 20.15; see generally People v Castro, 55 NY2d 972, 973; Maiorino v Scully, 746 F Supp 331, 337 [SD NY]).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
Contrary to the defendant's contention, his request to be seated in the gallery during the testimony of those witnesses from whom the People would attempt to elicit an in-court identification (see United States v Archibald, 734 F2d 938 [2d Cir]), was not denied under circumstances suggesting that the Supreme Court erroneously "perceived that it had no discretion" to grant the application (People v Cronin, 60 NY2d 430, 433; see People v Garcia, 196 AD3d 700, 700-701). The court otherwise did not improvidently exercise its discretion by denying the application since the defendant did not sufficiently place into doubt the reliability of the witnesses' identification testimony (see People v Stuckey, 220 AD2d 223). We further conclude that there was no error in permitting another witness to identify the defendant from a photograph depicting him as he appeared closer in time to the offense where there was evidence that the defendant's appearance at trial changed substantially from the time of the offense, and, under the circumstances, the in-court identification procedure was not likely to result in an unreliable identification (see People v Norstrand, 154 AD3d 1322, 1323; cf. People v Powell, 67 NY2d 661, 662).
The defendant's contentions that he was deprived of a fair trial by the purported "outbursts" and the "out-of-control" nature of one of the prosecution's witnesses at trial are, in part, unpreserved for appellate review (see CPL 470.05[2]), because the defendant either failed to object to the witness's responses on the grounds now advanced on appeal (see People v Townsend, 100 AD3d 1029, 1030), or failed to request additional instructions in response to sustained objections (see People v Heide, 84 NY2d 943, 944; People v Nelson, 125 AD3d 58, 65, affd 27 NY3d 361). In any event, while several of the challenged responses were argumentative or nonresponsive, they were either not so prejudicial as to have required curative action by the Supreme Court (see People v Edwards, 203 AD3d 493), or otherwise resulted in sustained objections, and the jury is presumed to have followed the court's instructions to disregard those responses (see People v Stone, 29 NY3d 166, 171).
The defendant additionally contends that he was deprived of a fair trial due to the cumulative impact of certain improper comments that the prosecutor made on summation. The defendant's contention is, in part, unpreserved for appellate review (see CPL 470.05[2]), because he failed to object to some of the comments he now challenges on appeal (see People v Edwards, 208 AD3d 510; People v Nelson, 125 AD3d 58, 65). In any event, the contention is without merit. The challenged remarks were either a fair response to defense counsel's comments during summation (see People v Galloway, 54 NY2d 396, 399), or not so egregious or pervasive as to have deprived the defendant of a fair trial (see People v Stallone, 204 AD3d 841, 842; People v Kiarie, 198 AD3d 814).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention, raised in his pro se supplemental brief, that the photo array procedure was unduly suggestive is without merit. At the Wade hearing (see United States v Wade, 388 US 218), the People established, in the first instance, that the pretrial identification procedures were not improper, and the defendant failed to establish that they were unduly suggestive (see People v Chipp, 75 NY2d 327, 335-336; People v Carmona, 185 AD3d 600, 602). Contrary to the defendant's further contention raised in his pro se supplemental brief, the Supreme Court properly precluded defense counsel from asking certain questions at the Wade hearing on the grounds, among others, that they had been asked and answered, were irrelevant, or called for speculation (see People v Darby, 196 AD3d 643, 644).
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record [*2]and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court