People v Wu Long Chen (2022 NY Slip Op 06145)

People v Wu Long Chen

2022 NY Slip Op 06145

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2017-10307
 (Ind. No. 151/16)

[*1]The People of the State of New York, respondent,
v
Wu Long Chen, appellant.

Patricia Pazner, New York, NY (Yvonne Shivers of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Terrence F. Heller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Neil Jon Firetog, J.), rendered August 1, 2017, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the admission of the victim's autopsy report prepared by a medical examiner through the testimony of another medical examiner employed by the Office of the Chief Medical Examiner of the City of New York, who did not prepare the report, violated his constitutional right of confrontation. This contention is unpreserved for appellate view (see CPL 470.05[2]; People v Lancaster, 166 AD3d 807; People v Herb, 110 AD3d 829), and, in any event, without merit. The medical examiner who prepared the autopsy report was unavailable (see People v Freycinet, 11 NY3d 38; People v Ganthier, 195 AD3d 639), and the testifying medical examiner presented her own independent conclusions as to the cause and manner of the victim's death (see People v John, 27 NY3d 294; People v Freycinet, 11 NY3d 38; People v Ganthier, 195 AD3d 639). Furthermore, any error in admitting the autopsy report was harmless, as the cause and manner of death were not in controversy at trial, and there is no reasonable possibility that any such error contributed to the defendant's convictions (see People v Lopez-Mendoza, 33 NY3d 565, 573; People v Acevedo, 112 AD3d 454; People v Herb, 110 AD3d 829). Concomitantly, the defendant failed to establish a lack of strategic or other legitimate explanation for defense counsel's failure to object to the admission of the autopsy report (see People v Benevento, 91 NY2d 708, 712-713).
The defendant's objections to the prosecutor's summation remarks are unpreserved for appellate review, as he failed to object at trial to any of the remarks he now challenges (see CPL 470.05[2]; People v Romero, 7 NY3d 911). In any event, the remarks which the defendant now challenges either were fair comment on the evidence (see People v Cass, 18 NY3d 553; People v Brown, 139 AD3d 964), or were not so flagrant or pervasive as to deny the defendant a fair trial (see People v Dunbar, 74 AD3d 1227). Moreover, the evidence of the defendant's guilt was overwhelming, and there is no significant probability that any improper remarks made during the prosecutor's summation contributed to his conviction (see People v Crimmins, 36 NY2d 230; People v Henderson, 83 AD3d 864). Contrary to the defendant's further contention, defense counsel was [*2]not ineffective for failing to object to the challenged remarks (see People v Stultz, 2 NY3d 277, 287; People v Taylor, 1 NY3d 174; cf. People v Wright, 25 NY3d 769; People v Fisher, 18 NY3d 964).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court