People v Zephir (2023 NY Slip Op 00222)

People v Zephir

2023 NY Slip Op 00222

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2019-02527
 (Ind. No. 6323/15)

[*1]The People of the State of New York, respondent,
v
Patrick Zephir, appellant.

Patricia Pazner, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Melissa Wachs, and Diane R. Eisner of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered June 15, 2018, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, arising out of the shooting death of an unarmed man on a street in Brooklyn in May 2015.
Contrary to the defendant's contention, the introduction of the victim's autopsy report into evidence through a witness who did not prepare the report did not deprive him of his constitutional right of confrontation (see Crawford v Washington, 541 US 36, 53-54; People v John, 27 NY3d 294, 307). The individual who prepared the autopsy report was unavailable (see People v Freycinet, 11 NY3d 38; People v Ganthier, 195 AD3d 639), and the testifying witness presented her own independent conclusions as to the cause and manner of the victim's death (see People v John, 27 NY3d 294; People v Freycinet, 11 NY3d 38, 42). Further, since the cause and manner of death were not in controversy at trial (see People v Ortega, 202 AD3d 489), any error in admitting the autopsy report into evidence was harmless (see People v Lopez-Mendoza, 33 NY3d 565, 573).
The defendant failed to preserve for appellate review his contentions regarding several of the remarks made by the prosecutor in summation as he failed to object to such remarks (see CPL 470.05[2]; People v Romero, 7 NY3d 911). In any event, the prosecutor's summation remarks were fair comment on the evidence or a fair response to the defense arguments and theories (see People v Williams, 168 AD3d 1108; People v Herb, 110 AD3d 829).
The defendant's objection to the prosecutor's superimposition of the words "That's MY CORNER" on a power point slide shown to the jury during her summation depicting the corner store in front of which the defendant had been standing on the day at issue is without merit. Given [*2]the defendant's description of the location as "that's my corner" during his testimony, we find that the caption superimposed on the power point slide was fair comment and did not misrepresent the evidence (see People v Anderson, 29 NY3d 69, 72). The prosecutor's superimposition of the caption "I couldn't appear soft" on a slide of an autopsy photograph of the victim is more problematic. Although the words used by the prosecutor were the defendant's own words during the trial, the prosecutor's superimposition of those words on the autopsy photograph of the victim appears to have been solely an appeal to the jury's emotions (see e.g. People v Ashwal, 39 NY2d 105, 110-111). Nonetheless, any error in permitting the prosecutor to show the slide to the jury of the autopsy photograph of the victim with the superimposed caption was not so egregious as to deprive the defendant of a fair trial (see People v Galloway, 54 NY2d 396, 401; People v Louime, 209 AD3d 1038, 1040), and any other error in this regard was harmless as there was overwhelming evidence of the defendant's guilt and no significant probability that any such error might have contributed to the defendant's conviction (see People v Ogilvie, 197 AD3d 730, 731-732).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court