People v Green (2024 NY Slip Op 00433)

People v Green

2024 NY Slip Op 00433

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2019-09701
 (Ind. No. 3440/17)

[*1]The People of the State of New York, respondent,
v
David Green, appellant.

Patricia Pazner, New York, NY (Sean H. Murray and White & Case LLP [Isaac Glassman, Adam Drake, and Anna Williams], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Ruth E. Ross, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent Del Giudice, J.), rendered July 29, 2019, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to disprove his temporary and lawful possession defense to the charge of criminal possession of a weapon in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to disprove this defense, as well as to establish the defendant's guilt of that crime, beyond a reasonable doubt. Additionally, viewing the evidence in the light most favorable to the prosecution (see id. at 621), we find that it was legally sufficient to disprove the defendant's justification defense to the charge of manslaughter in the first degree, as well as to establish the defendant's guilt of that crime, beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's rejection of the defendant's temporary and lawful possession and justification defenses and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633, 633).
The defendant failed to preserve for appellate review his contentions regarding several remarks made by the prosecutor during summation, as the defendant failed to object to those remarks (see CPL 470.05[2]; People v Zephir, 212 AD3d 738). In any event, the remarks the defendant now challenges either constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom, or were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Cortez, 181 AD3d 820, 821; People v Portes, 125 AD3d 794). Moreover, the evidence of [*2]the defendant's guilt was overwhelming, and there is no significant probability that any improper remarks made by the prosecutor during summation contributed to the defendant's convictions (see People v Wu Long Chen, 210 AD3d 702, 703-704; People v Green-Faulkner, 189 AD3d 1070, 1072).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., IANNACCI, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court